IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr113-MHT |
| | ) | (WO) |
| RODDRECIUS LAVELLE GOLDSMITH | ) | |

ORDER

This cause is before the court on defendant Roddrecius Lavelle Goldsmith's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for September 11, 2023, should be continued generally pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the

> information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on a "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).

The court finds that the trial should be continued generally until the issue of Goldsmith's competency to proceed has been resolved.  Based on defense counsel's representation that an initial mental evaluation of Goldsmith indicated that he might be incompetent to stand trial, defense moved for a competency hearing.  Also, the government has moved for a competency evaluation of defendant Goldsmith and a competency hearing.  The

2

government has requested that Goldsmith be committed to the Bureau of Prisons for an examination of competency. A hearing on both the government's and Goldsmith's motions is set for August 30, 2023. Moreover, because of Goldsmith's current mental state, defense counsel represents that he has been unable to determine his client's wishes for proceeding in the case.

The period of delay of the trial for the purpose of obtaining a competency evaluation and resolving the competency issue is excludable from the 70-day speedy-trial period. *See* 18 U.S.C. § 3161(h)(1)(A). Additionally, the court concludes that the ends of justice served by granting a continuance outweigh the interest of the public and Goldsmith in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). It is critically important to the interests of justice that the issue of competency be resolved, as an incompetent defendant cannot make necessary decisions or assist counsel in his defense. There is not sufficient time to resolve the

issue before the current trial setting and associated deadlines. Thus, a continuance is necessary.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 23) is granted.

(2) The jury selection and trial, now set for September 11, 2023, are continued generally pending resolution of the competency issue.

DONE, this the 17th day of August, 2023.

                                        /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**